**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| MICHAEL RAY LATIMORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 2:05-cv-257-RLY-WGH |
| | ) | |
| CRAIG HANKS, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Michael Ray Latimore ("Latimore") seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. WVD 05-06-0170. In that proceeding, he was charged with and found guilty of committing a battery upon another person without a weapon.

Latimore is entitled to a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Indiana law, state prison inmates have a protected liberty interest in earned good-time credits and in credit-earning class, IND. CODE §§ 35-50-6-4, 35-50-6-5 (2000), and the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded. *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir. 1996) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)). In these circumstances, Latimore was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Under *Wolff* and *Hill,* Latimore received all the process to which he was entitled. The record shows that the charge was clear, that Latimore received more than 24 hours advance notice of the hearing, that he appeared at the disciplinary hearing and made a statement concerning the charge, that the conduct board set forth in writing its findings and

the evidence considered, that the statement of the sanctions was clear, and that a written reason for the sanctions imposed was made. With respect to the sufficiency of the evidence, the facts favorable to the conduct board's decision are that on June 21, 2005, Officer Huff "observe[d] offenders Latimore, Michaels #863765 and Robertson, Donnell fighting with each other in cell 416." The observation of the offenders fighting satisfies the "some evidence" required by due process. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994).

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Latimore to the relief he seeks. His argument that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief. The implication that he acted in self-defense is not a defense to the charge he faced, *see Rowe v. DeBruyn,* 17 F.3d 1047 (7th Cir.) (in the context of a prison disciplinary matter, self-defense is no defense), *cert. denied,* 115 S. Ct. 508 (1994), and his claim that the conduct board was not impartial is based solely on the outcome of the proceeding, but rests on *post hoc* reasoning and does not show bias. On the contrary, a conduct board that follows established procedures, whose discretion is circumscribed by regulations, and which adheres to *Wolff*'s procedural requirements, does not pose a hazard of arbitrariness which violates due process. *Wolff,* 418 U.S. at 571. Accordingly, his petition for a writ of habeas corpus shows on its face that he is not entitled to the relief he seeks. That petition must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/06/2006

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana